**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO HERNANDEZ-ARANGO,

Defendant - Appellant.

No. 05-1462

(D. Colorado)

(D.C. No. 05-CR-112-REB)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **ANDERSON** and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1(G). This cause is therefore ordered submitted without oral argument.

Antonio Hernandez-Arango pled guilty to one count of unlawful reentry by an alien previously deported following an aggravated felony conviction, in

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to thirty-three months' imprisonment followed by three years of supervised release. He appeals his sentence. For the reasons set forth below, we affirm.

## BACKGROUND

Hernandez-Arango was indicted in March 2005 for a violation of 8 U.S.C. § 1326(a) and (b)(2). He entered a plea agreement with the government, stipulating to the factual basis for the plea, including his prior convictions in Colorado state court for two controlled substance offenses, one involving drug trafficking. The district court accepted Hernandez-Arango's plea, and the United States Probation Office prepared a presentence report ("PSR"), calculating the advisory sentencing range under the United States Sentencing Commission, Guidelines Manual (Nov. 2004) ("USSG").

The PSR began with a base offense level of 8, pursuant to USSG §2L1.2(a). It added a 12-level enhancement based on Hernandez-Arango's prior drug trafficking offense pursuant to USSG §2L1.2(b)(1)(B). It then reduced the offense level by three levels based on Hernandez-Arango's acceptance of responsibility. The total offense level was thus 17, which, together with a criminal history category of III, yielded an advisory Guidelines range of 30 to 37 months.

The PSR then described certain characteristics of Hernandez-Arango, including his personal history, family ties, and educational and employment records. It also provided a recommendation on the sentencing factors that should be considered pursuant to 18 U.S.C. § 3553(a). It stated that Hernandez-Arango had illegally reentered the United States twice in 2003 but was voluntarily removed rather than prosecuted. It further advised that "[t]he instant offense occurred 17 months after [Hernandez-Arango]'s last removal from the United States," and that "[Hernandez-Arango] continues to illegally enter and reside in the United States after three prior removals." PSR ¶¶ 82-83, R. Vol. III. It noted that Hernandez-Arango had two prior felony convictions and stated that "[a]ny imposed sentence should promote respect for the law, provide just punishment and protect the public from [Hernandez-Arango]'s future crimes." Id. ¶ 82. The PSR then recommended a sentence of 33 months, near the middle of the advisory Guidelines range, stating that "[c]onsidering [Hernandez-Arango] is facing his third felony conviction and has been removed from the United States on three separate occasions, the Probation Department believes that a sentence in the middle of the advisory guideline range adequately meets the statutorily mandated sentencing purpose[s] of deterrence, just punishment, and the protection of the public." Id. at R-2.

At the sentencing hearing, Hernandez-Arango argued that he should be sentenced to 30 months, at the low end of the Guidelines range, rather than 33 months, based on his "modest criminal record" and the fact that his two prior felony convictions had occurred five years earlier, when he was twenty-two years old. Tr. of Sentencing at 5, R. Vol. II. He stated that "30 [months] is as good as 33 [months] here" in order to meet the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). Tr. of Sentencing at 6, R. Vol. II. The government responded that, "while, granted the difference between 30 and 33 may not seem necessarily significant[,] . . . there should be some price, however small it may be, for this particular history." Id. at 7.

The district court accepted the PSR, noting it was "well done and well written." Id. The court then stated that it had "consider[ed] the application, especially of the advisory sentencing guidelines, and then independently and alternatively consider[ed] the sentencing factors at 18 U.S.C. [§] 3553(a)(1) through (7)," and concluded that a term of imprisonment of 33 months was appropriate to meet the sentencing goals set forth in § 3553(a). Id. at 10. The court then advised Hernandez-Arango as follows:

> Now, I can tell you that it seems as if you lost because I have imposed a 33-month sentence instead of a 30-month sentence. You have not, and here's why. Because in my initial analysis, I had selected a sentence that was higher than or greater than 33 months. But I am convinced, after the probation department's recommendation, coupled with your counsel's statements to the court, that 33 months will be sufficient.

Id. at 14.

Hernandez-Arango appeals his sentence, arguing that it is unreasonable.


**DISCUSSION**

We review sentences imposed after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), for reasonableness. United States v. Galarza-Payan, 441 F.3d 885, 887 (10th Cir. 2006). Where, as here, there is no dispute over the district court's application of the advisory Guidelines, a district court's imposition of a sentence within the Guidelines sentencing range is "'entitled to a rebuttable presumption of reasonableness.'" Id. at 889 (quoting United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam)).

Here, Hernandez-Arango first argues that the district court improperly failed to explain why it chose to impose a sentence at the middle, rather than the low end, of the Guidelines range, or "*why* the sentence it chose furthered any of the goals of sentencing." Appellant's Op. Br. at 10. We disagree. In our view, the record as described above clearly indicates that the court weighed the parties' arguments at the sentencing hearing in light of the factors set forth in 18 U.S.C. § 3553(a), and also referred to the probation office's analysis in the PSR of how these factors should operate in the circumstances of this case. "[W]e will 'not demand that the district court recite any magic words to show us that it fulfilled

its responsibility to be mindful of the factors that Congress has instructed it to consider.'" Galarza-Payan, 441 F.3d at 889 (quoting United States v. Contreras-Martinez, 409 F.3d 1236, 1242 (10th Cir. 2005) (internal quotation and citation omitted)).  Moreover, we can infer that the district court's reasons for imposing the sentence it did were those argued at the hearing and in the PSR.  Indeed, the court indicated that it had been swayed, based on those arguments, to impose a sentence lower than it otherwise would have.

Hernandez-Arango also argues that his sentence is unreasonable because his criminal history "barely placed him in criminal history category III," and because, "unlike many other illegal reentry defendants who appear in federal court, he was not discovered as the result of new criminal activity."  Appellant's Op. Br. at 13.  In addition, Hernandez-Arango points to the fact that, of the eleven cases reviewed and reported in the Tenth Circuit in 2005 where the defendant had been convicted of illegal reentry and the opinion indicated the applicable Guidelines range, the defendant had been sentenced to the low end of the range in each case.  He asserts that "[t]hese opinions demonstrate the collective reasoning of district court judges in this circuit that, barring unusual circumstances, a sentence at the bottom of the range in an illegal reentry case is sufficient to meet the goals of sentencing enumerated in 18 U.S.C. § 3553(a)."  Id. at 14.

These arguments fail to successfully rebut the presumption that Hernandez-Arango's sentence is reasonable. Even if we considered his sample of eleven cases significant, Hernandez-Arango has failed to compare the actual conduct involved in these cases to his own conduct. We note that, in absolute terms, Hernandez-Arango's sentence of 33 months is equal to the lowest sentence imposed in these eleven cases. We are unpersuaded that the calculated Guidelines range overstates the seriousness of his prior criminal history, as described in the PSR. Moreover, Hernandez-Arango's assertion regarding the "collective reasoning" of district courts is inconsistent with his acknowledgment at the sentencing hearing that "a 30-month sentence, or even a 33-month sentence, is [not] so far out of the realm of what other people get, even in fast-track districts." Tr. of Sentencing at 5, R. Vol. II. We therefore affirm Hernandez-Arango's sentence.

## CONCLUSION

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge